Glenn *v.* Carson.

*Wright* and *Knapp* for appellant.

*A. Hall,* for appellee.

GLENN *v.* CARSON.

It is competent to show that a witness has made statements on other occasions at variance with his testimony on the trial, in order to impair his credibility.

APPEAL *from Van Buren District Court.*

*Opinion by* KINNEY, J.   The only question raised by the bill of exception in this case, is as to the ruling of the court in relation to certain evidence offered by the defendant. The plaintiff introduced a witness, David Glenn, who on cross examination by defendant's counsel, was asked if he did not on the trial of the cause before Esq. Rathborn, at Iowaville, state that the hog was purchased by plaintiff from Vandover. The witness replied that he did not remember; that he did not think that he did. The plaintiff gave no evidence showing that he derived title through Vandover, but claimed, and his evidence tended to prove, that he

38

obtained title through Beikmore. The defendant after the plaintiff closed his evidence introduced a witness, Dowd, and asked him if he was present at the trial of the cause at Iowaville; the witness replied that he was present at two trials there; defendant's counsel then asked said Dowd what Glenn said as to the hog having been bought from Vandover. Plaintiff objected, but the court overruled the objection. We do not see any objection to this ruling. The object of the enquiry was to impeach the witness, Glenn, to show that he had made statements on other occasions at variance with his testimony on the trial; to prove that his reply to the interrogatory on his cross examination was not true. He stated that he did not think that he stated on the trial of the cause at Iowaville that the hog was purchased from Vandover. The attention of the witness ought to be called to the time and place, when the enquiry seeks to lay from his own testimony the foundation for impeaching him; so that the impeaching witness can with certainty identify the statement denied by the witness. If the interrogatory to the impeaching witness is not in relation to the identical fact denied by the principal witness, the impeaching evidence should be excluded. But in this case Dowd states that he was present at two trials. The witness denies stating that he said as above on the trial. We think Dowd's testimony was proper as to what the witness said on either trial. The enquiry of the witness is general, and would apply to either trial, but in point of place and time referring to the trial, is specific. He denies having made the statement at all on the trial, and therefore if it could be shown by the testimony of Dowd, who swears that he was present at both trials, that he did so state, we think it would have a tendency to impeach his testimony.

It is always proper to call the attention of the witness to any statement made by him, material to the issue, and if he testifies that he did not make it, or if he has made statements

out of court different from those under oath, the facts may be shown to impair his credibility.

Judgment affirmed.

*A. Hall*, for appellant.

*Geo. G. Wright*, for appellee.